UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD A. POLK,
JO ELLEN YOUNG, and
JEROME POLK,

    Plaintiffs,                    CASE NO. 05-CV-10134

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                   MAGISTRATE JUDGE CHARLES BINDER

HURON COUNTY and
RUSSELL LUNDBERG,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RECOMMENDING *SUA SPONTE* DISMISSAL

### I.  RECOMMENDATION

**IT IS RECOMMENDED** that this case be **SUA SPONTE DISMISSED** for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

**IT IS FURTHER RECOMMENDED** that Plaintiff Ronald A. Polk be enjoined from filing any future lawsuits in this judicial district without first obtaining leave of court.

### II.  REPORT

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general pretrial case management on May 23, 2005.

#### A.  Background

This is the fifth complaint filed by Ronald Polk to come before this Court in the past twenty months.  In November 2003, Polk filed a civil suit against Experian, Equifax, and

Transunion, alleging that defendants violated provisions of the Fair Credit Reporting Act by posting erroneous notations in Plaintiff's credit report. Plaintiff sought an injunction banning the defendants from listing inaccurate, incomplete or improperly-investigated items in the future, and also requested details of the investigation that defendants had undertaken prior to the alleged past erroneous listings. (E.D. Mich. Case No. 03-CV-10282.) One defendant was dismissed in July 2004 due to Plaintiff's failure to accomplish service of process, and dismissal of the remaining defendants was recommended in June 2005 based upon deficiencies in the complaint and, alternatively, for want of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

In March 2004, Ronald Polk, Jo Ellen Young, and other family members filed a lawsuit against Huron County District Judge Karl Kraus. The complaint in that case alleged that when Judge Kraus was in private practice more than a decade ago, he failed to intervene and prevent Ronald Polk's father, Arthur Polk, from becoming an alcoholic, which led to the demise of Arthur Polk's business and eventually his death. (E.D. Mich. Case No. 04-CV-10053.) The case was *sua sponte* dismissed for lack of jurisdiction in July 2004 and Judge Kraus's motion for sanctions was denied.

Plaintiffs Polk and Young filed another civil suit in September 2004, this time naming as defendants United States Bankruptcy Judge Walter Shapero, two U.S. Bankruptcy trustees, the U.S. Department of Justice and a private law firm. In that case, Ronald Polk stated that he was the court-appointed guardian of Jo Ellen Young, who had been declared legally incompetent due to mental illness. Polk asserted that he was bringing forward Young's claim that Judge Shapero had violated her civil rights by refusing to appoint a guardian *ad litem* pursuant to the Federal Rules of Bankruptcy

2

Procedure. Polk also claimed that Young was denied access to the courts on the basis of her disability in violation of the Americans with Disabilities Act, that the bankruptcy trustees named as defendants violated Young's civil rights by arguing that Young's case should be dismissed or converted to a Chapter 7 proceeding, and that the defendant law firm violated Young's due process rights by not following the correct procedures for service of process on an incompetent person. As relief, the complaint sought damages and a stay of Young's bankruptcy proceedings. The case was *sua sponte* dismissed as devoid of merit on February 24, 2005. (E.D. Mich. Case No. 04-CV-10350.)

In all three of these cases, Plaintiffs Polk and Young gave a home address in Bad Axe, Michigan, which is in Huron County.

In November 2004, Ronald Polk and Jo Ellen Young filed a "Complaint for Denial of 14th Amendment [sic] Due Process Rights, Fraudulent Conveyance of Property and Conspiracy to Commit Fraud" against Huron County District Judge Karl Kraus, County Prosecutor Mark Gaertner, Chief Assistant Prosecuting Attorney Stephen Allen, and Sheriff's Department Sergeant Gary Polega. The complaint was originally filed in this Court's Southern Division, but was transferred to the Northern Division after the Court found that Plaintiffs had used a friend's Detroit address for the purpose of harassing the Huron County defendants by requiring them to defend a suit in Detroit rather than Bay City. The claims asserted in the complaint stemmed from Plaintiff Ronald Polk's state court convictions on numerous counts of animal cruelty. On May 13, 2005, I issued a Report and Recommendation suggesting that the case be *sua sponte* dismissed as devoid of merit and that Ronald Polk be enjoined from filing any further lawsuit without first obtaining leave of court. I noted that, in the event the recommendation is adopted,

3

the defendants' motion to quash the claims brought by Plaintiff Jo Ellen Young on the grounds that she lacks the capacity to proceed *pro se* because she has been declared incompetent by a state court would be moot.

### B. The Instant Complaint

On April 20, 2005, this case was filed in the United States District Court for the Western District of Michigan. When filing this case, Plaintiffs gave an address in Hersey, Michigan, which is in Osceola County. The Honorable Gordon Quist denied several initial motions brought by Plaintiffs and transferred the case to the Eastern District for proper venue on April 20, 2005.

Construing the *pro se* pleading liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), Plaintiffs claim that their federal and state rights were violated by recent state court proceedings against them. Thus, Plaintiffs seek an order from this federal court staying a state court order which was issued following Plaintiffs' conviction of a "residential zoning nuisance violation." The state court order originally required the cleanup up of certain items from the real property owned by Plaintiffs in Bad Axe, Michigan. The complaint asserts that the Michigan Right to Farm Act protects farmers from nuisance complaints, and therefore Plaintiffs contend that they should not have been subject to prosecution and conviction in the first place. Further, it appears from the complaint that, although Plaintiffs moved some of the prohibited items from their property in Lincoln Township to a location in Verona Township, both of which are in Huron County, they failed to completely comply with the court order requiring removal by a given date (they cite weather conditions, deep mud, road limit restrictions,

and illness as reasons for this failure), and therefore the Huron County court issued a seizure order. Plaintiffs therefore

> pray that this Honorable Court order that the Defendants Cease and Desist any seizure actions involving 3415 Rapson Rd., personal assets and farm assets belonging to Jerome Polk, and the property in Verona twp. as none of the plaintiff(s) have had any due process of any kind to warrant any enforcement whatsoever.

(Compl. ¶ 26.) Thus, to the extent that Plaintiffs are attempting to assert that state actions are violating their federal due process rights, the complaint is construed as being brought under 42 U.S.C. § 1983.

I further note that although Huron County Judge Karl Kraus is not named as a defendant in this particular case, the complaint includes the following disturbing passage:

> . . . for the Judge to order the removal of 75 years of accumulation is not only outside of his scope it is unconstitutional.
>
> The Judge is doing this as a vendetta against the plaintiff(s). There is a personal history going back to 1976, between the Judge and the plaintiff(s), which is not favourable [sic] to the plaintiff(s). The plaintiff(s) have had prior suits against the judge to which he was named as the defendant for incidents occurring prior to his Judgeship. The Judge has given extreme sentences to the plaintiff(s) for minor infractions. The Judge recently has had an attempt on his life in the form of an attempted arson that the Judge considers the plaintiff(s) suspect to. There is extreme bias between the Judge and the plaintiff(s) to which the plaintiff(s) have repeatedly motioned for him to recuse himself to which he refuses to step down. . . .
>
> The modified order to SIEZE [sic] everything took place after the arson attempt took place.

(Compl. ¶¶ 18-20.)

### C.  Discussion

The authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179

5

F.3d 1014, 1015 (6th Cir. 1999). Plaintiffs in this case paid the filing fee and did not seek *in forma pauperis* status. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam). A district court may, however, *sua sponte* dismiss an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479. In such a case, the plaintiff need not be given an opportunity to amend. *Id.* For the reasons stated below, I suggest that this case be *sua sponte* dismissed for lack of subject matter because the complaint is frivolous and devoid of merit.

Setting aside the questions of whether Plaintiff Jo Ellen Young is competent to proceed *pro se* and whether Plaintiffs have again used an address outside of the Northern Division of the Eastern District for an improper purpose, the complaint is meritless, I suggest, because it contains no cognizable claims. The only two defendants are Russell Lundberg and Huron County, Michigan. With regard to Defendant Lundberg, he is only mentioned once in the complaint; Plaintiffs state that "Russell Lundberg, Huron County's zoning officer, has no authority to file or enforce any zoning issue within Verona township." (Compl. ¶ 13.) To bring a federal action for the violation of constitutional rights by state actors, however, a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim." *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008 at **4 (6th Cir. 1998) (unpublished). In other words, liability must be based on the personal involvement of each defendant. *See Copeland v. Machulis*, 57 F.3d 476, 481

(6th Cir. 1995). Where Plaintiffs have not alleged any acts taken by Defendant Lundberg or any personal involvement on his part, I suggest that the complaint is lacking merit as to him.

The complaint is likewise devoid of merit with regard to Defendant Huron County, I suggest. Municipalities are only liable if a plaintiff's injury was caused by an unconstitutional "policy" or "custom" of the municipality. *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). The complaint in this case does not allege that any policy or custom of Huron County contributed to the alleged injuries. Instead, Plaintiffs contend once again that Judge Kraus has a vendetta against them and that he has purposely violated their rights because of his "extreme bias." (Compl. ¶ 19.) As Plaintiffs have been unsuccessful in their past attempts to sue Judge Kraus directly, it appears they now are attempting to sue his employer, the County, for what they view as unconstitutional court rulings. The law does not, however, impose vicarious liability on a municipality for allegedly unconstitutional actions taken by its employees. *Id.* (citing *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978)). Accordingly, I suggest that the complaint is devoid of merit with regard to Defendant Huron County.

### D. Conclusion

I suggest that this case be *sua sponte* dismissed as devoid of merit pursuant to the Court's discretion as set forth in *Apple, supra*. Further, in light of the continuing assertion of frivolous claims, I reiterate my suggestion that the District Court exercise its inherent authority to enjoin vexatious litigation and prohibit Plaintiff Ronald Polk from filing further

actions without first obtaining leave of court.  See *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987).

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: June 13, 2005              United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Notice was electronically filed this date, and served on Ronald Polk, Jo Ellen Young, and Jerome Polk in the traditional manner.

Date:  June 13, 2005             By    s/Jean L. Broucek
                                          Case Manager to Magistrate Judge Binder